T.C. Memo. 2011-77

UNITED STATES TAX COURT

WILLIAM JONES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5776-09.                    Filed April 4, 2011.

<u>Donald J. Mock</u>, for petitioner.

<u>Angela B. Friedman</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, <u>Judge</u>:  Respondent determined a deficiency in
petitioner's 2006 Federal income tax of $2,885.[1]  The issue for

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986, as amended, and all Rule
references are to the Tax Court Rules of Practice and Procedure.
Amounts are rounded to the nearest dollar.

decision after concessions[2] is whether petitioner is entitled to deduct gambling losses for 2006.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time petitioner filed his petition, he resided in Chicago, Illinois.

Petitioner is a recreational gambler who played slot machines regularly in 2006 at various Chicagoland area casinos. Petitioner had income from gambling winnings in 2006 of $7,000. Petitioner kept no diary, log, or record of any kind of his gambling losses. Petitioner used a casino members club card on rare occasions, but because he seldom used such a card, none of the casinos petitioner claims to have frequented has any record of his gambling winnings or losses.

At trial, petitioner presented his bank account records, which indicate that he had a balance of $7,531 on December 31, 2005, and a balance of $946.64 on December 31, 2006. Petitioner testified that most of the money withdrawn from his bank account in 2006 was spent on gambling.

---

[2]The parties' stipulation of settled issues states: (1) Petitioner had income from wages in 2006 of $23,204; (2) petitioner is entitled to a standard deduction; (3) petitioner is entitled to a single personal exemption; and (4) petitioner is liable for additions to tax pursuant to secs. 6651(a)(1) and (2) and 6654. The amount of each addition is computational and depends on the resolution of this case.

Petitioner failed to file Form 1040, U.S. Individual Income Tax Return, for 2006.  Respondent prepared a substitute for return under section 6020(b), which gave rise to the notice of deficiency.  Petitioner filed a timely petition, and a trial was held on March 5, 2010, in Chicago, Illinois.

OPINION

Gross income includes all income from whatever source derived, including gambling.  See sec. 61; McClanahan v. United States, 292 F.2d 630, 631-632 (5th Cir. 1961).  In the case of a taxpayer not engaged in the trade or business of gambling, gambling losses are allowable as an itemized deduction, but only to the extent of gains from such transactions.  Sec. 165(d); McClanahan v. United States, supra at 632 n.1 (citing Winkler v. United States, 230 F.2d 766 (1st Cir. 1956)).  In order to establish entitlement to a deduction for gambling losses petitioner must prove the losses sustained during the taxable year.  Mack v. Commissioner, 429 F.2d 182 (6th Cir. 1970), affg. T.C. Memo. 1969-26; Stein v. Commissioner, 322 F.2d 78 (5th Cir. 1963), affg. T.C. Memo. 1962-19.

Petitioner failed to present credible evidence of gambling losses in 2006.  Petitioner did not maintain a diary or any other contemporaneous record reflecting his gambling losses.  In fact, petitioner has not been able to assert with any specificity the amount of his gambling losses in 2006.  At trial, petitioner

attempted to substantiate gambling losses, relying only on the theory that his losses must have approximately equaled the difference between his beginning-of-year and end-of-year bank account balances. We conclude that petitioner has failed to satisfy his burden of substantiating his losses.

As a general rule, if the trial record provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to substantiate adequately the precise amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of the deductible expense and allow the deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985); Sanford v. Commissioner, 50 T.C. 823, 827-828 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). In these instances the Court is permitted to make as close an approximation of the allowable expense as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making. Cohan v. Commissioner, supra at 544. However, in order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, supra at 742-743. Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560-561 (5th Cir. 1957).

The record provides no satisfactory basis for estimating petitioner's gambling losses. See <u>Stein v. Commissioner</u>, <u>supra</u>. Unlike taxpayers in cases such as <u>Doffin v. Commissioner</u>, T.C. Memo. 1991-114, where evidence of the taxpayer's lifestyle and financial position allowed this Court to approximate unsubstantiated gambling losses, petitioner has failed to produce any evidence to corroborate his story. Consequently, the Court will not apply the <u>Cohan</u> rule to estimate the amount of petitioner's gambling losses.

In reaching our holdings, we have considered all arguments made, and, to the extent not mentioned, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.