T.C. Summary Opinion 2012-78

UNITED STATES TAX COURT

FORTUNATO GONZALEZ AND MARIA C. GONZALEZ, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12759-11S.                    Filed August 6, 2012.

Fortunato Gonzalez and Maria C. Gonzalez, pro sese.

<u>Thomas Rohall</u>, for respondent.

SUMMARY OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This case was heard pursuant to the

provisions of section 7463 of the Internal Revenue Code in effect when the petition

was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable

by any other court, and this opinion shall not be treated as precedent for any other

case. All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated.

Respondent determined a deficiency of $4,944 with respect to petitioners' Federal income tax for 2009. After concessions,[1] the issue for decision is whether and to what extent petitioners incurred deductible gambling losses.

Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioners resided in San Francisco, California.

Fortunato Gonzalez (petitioner) was employed as president of Gonzalez Concrete Co. Petitioners were recreational gamblers. Petitioners played slot machines regularly on weekends at Cache Creek Casino Resort (casino). Petitioners did not maintain formal records of their gambling activities in 2009. Petitioners did not use a casino members club card because they did not trust it for

---

[1] Petitioners concede receiving unemployment compensation of $908 from the California Employment Development Department. Petitioners also agree that they received other income of $4,058 from Health Net Class Settlement. Finally, petitioners concede receiving gambling winnings of $20,700 from Cache Creek Casino Resort. Petitioners agree that these items are includable as income for 2009.

accurate readings. While petitioners did not maintain a diary, a log, or a regular record of their gambling activity, they did retain copies of canceled checks, totaling $29,700, which were negotiated near weekends or holidays. Petitioners cashed these checks to have funds available for gambling activities.

Petitioners received four Forms W-2G, Certain Gambling Winnings, representing winnings of $2,000, $10,000, $2,700, and $6,000, at the casino.

Petitioners timely filed a 2009 Form 1040, U.S. Individual Income Tax Return, reporting $34,359 of income earned from wages and $724 from rental activity. Petitioners' return was selected for examination. The Internal Revenue Service (IRS) determined that Forms W-2G provided by the casino reflected gambling income which petitioners failed to report on their 2009 Federal income tax return.

Discussion

I.    Burden of Proof

In general, the Commissioner's determination set forth in a notice of deficiency is presumed correct, and the taxpayer bears the burden of showing that the determination is in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). The burden of proof with respect to a factual issue may be placed on the Commissioner under section 7491(a) if the taxpayer introduces credible evidence

regarding that issue and establishes that the taxpayer complied with the requirements to substantiate items, maintain records, and fully cooperate with the Commissioner's reasonable requests. Sec. 7491(a)(2)(A) and (B).

Section 7491 does not require the burden of proof to be placed on respondent. Petitioners have neither asserted that the burden of proof should be placed on respondent nor established that they complied with the requirements of section 7491(a). Accordingly, petitioners bear the burden of proof. See 7491(a)(2)(A) and (B).

II.     Gambling Losses

Gross income includes all income from whatever source derived, including gambling. See sec. 61; McClanahan v. United States, 292 F.2d 630, 631-632 (5th Cir. 1961). In the case of a taxpayer not engaged in the trade or business of gambling, gambling losses are allowable as an itemized deduction, but only to the extent of gains from gambling transactions. Sec. 165(d); McClanahan, 292 F.2d at 632. In order to establish entitlement to a deduction for gambling losses the taxpayer must prove the losses sustained during the taxable year. Mack v. Commissioner, 429 F.2d 182 (6th Cir. 1970), aff'g T.C. Memo. 1969-26.

As a general matter, when gambling winnings of $1,200 or more from a bingo game or slot machine play are paid, the payor is required to inform the IRS of the

payments.  See Park v. Commissioner, 136 T.C. 569, 574 (2011); sec. 7.6041-1(a), Temporary Income Tax Regs., 42 Fed. Reg. 33286 (June 30, 1977).  Petitioners received gambling winnings totaling $20,700, as indicated from the four separate Forms W-2G issued by the casino.  Petitioners credibly testified that these winnings were used for further gambling activities during their weekend trips.

Petitioners attempted to substantiate gambling losses, relying on (1) their general testimony that they lost more money than they won, (2) checks that were cashed regularly so that funds would be available at the casino, and (3) the theory that all gamblers lose money.

As a general rule, if the trial record provides sufficient evidence that a taxpayer has incurred a deductible expense, but the taxpayer is unable to substantiate adequately the precise amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude is of his or her own making and allow the deduction to that extent.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  The Court must have some basis upon which an estimate may be made.  Jones v.

Commissioner, T.C. Memo. 2011-77 (citing Vanicek v. Commissioner, 85 T.C. at 742-743).

In Szkircsak v. Commissioner, T.C. Memo. 1980-129, we found that the taxpayer's forthright and candid testimony was corroborated by the fact that many checks were cashed immediately before and during gambling trips. Also, loans and additional cashed checks suggested that the gambling trips met with little success. In Doffin v. Commissioner, T.C. Memo. 1991-114, the Court looked to evidence which indicated that the taxpayer had few assets, little income apart from gambling, and no significant accessions to wealth during the year at issue. In both cases, the Court employed the Cohan rule to estimate the gambling losses.

Petitioners wrote checks to cash at least once a month for most of the year in issue, and most of the checks were negotiated near weekends and holidays. We are satisfied that at least some of these funds and some of the winnings were used to engage in gambling activities. Taking into account the credible testimony of petitioners, the fact that gambling winnings were used to engage in additional gambling activity, the cashing of checks on the weekends, and the fact that petitioners' disposable income from other sources was otherwise limited, and using our best judgment to reasonably estimate the amount of gambling losses,

we allow petitioners a gambling loss of $15,000.  Accordingly, petitioners may deduct $15,000 of gambling losses against the $20,700 of gambling winnings.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.